Burke, J.
The plaintiff in its complaint alleges, insofar as its first cause of action is concerned, that it was induced to enter into a contract of sale of a lease of a building held by defendants because of oral representations, falsely made by the defendants, as to the operating expenses of the building and as to the profits to be derived from the investment. Plaintiff, affirming the contract, seeks damages for fraud.
At Special Term, the Supreme Court sustained a motion to dismiss the complaint. On appeal, the Appellate Division unanimously reversed the order granting the dismissal of the complaint. Thereafter the Appellate Division granted leave to appeal, certifying the following question: “Does the first cause of action in the complaint state facts sufficient to constitute a cause of action? ”
The basic problem presented is whether the plaintiff can possibly establish from the facts alleged in the complaint (together with the contract which was annexed to the complaint) reliance upon the misrepresentations (Cohen v. Cohen, 1 A D 2d 586, affd. 3 N Y 2d 813).
We must, of course, accept as true plaintiff’s statements that during the course of negotiations defendants misrepresented the operating expenses and profits. Such misrepresentations are undoubtedly material. However, the provisions of the written contract which directly contradict the allegations of oral representations are of equal importance in our task of reaching a decisive answer to the question posed in these cqses,
*320 The contract, annexed to and made a part of the complaint, contains the following language pertaining to the particular facts of representations: “ The Purchaser has examined the premises agreed to be sold and is familiar with the physical condition thereof. The Seller has not made and does not make any representations as to the physical condition, rents, leases', expenses, operation or any other matter or thing affecting or related to the aforesaid premises, except as herein specifically set forth, and the Purchaser hereby expressly acknowledges that no such representations have been made, and the-Purchaser further acknowledges that it has inspected the premises and agrees to take the premises ‘ as is ’ * * * It is understood and agreed that all understandings and agreements heretofore had between the parties hereto are merged in this contract, which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this contract, made by the other. The Purchaser has inspected the buildings standing on said premises and is thoroughly acquainted with their condition.” (Emphasis supplied.)
Were we dealing solely with a general and vague merger clause, our task would be simple. A reiteration of the fundamental principle that a general merger clause is ineffective to exclude parol evidence to show fraud in inducing the contract would then be dispositive of the issue (Sabo v. Delman, 3 N Y 2d 155). To put it another way, where the complaint states a cause of action for fraud, the parol evidence rule is not a bar to showing the fraud—either in the inducement or in the execution—despite an omnibus statement that the written instrument embodies the whole agreement, or that no representations have been made. (Bridger v. Goldsmith, 143 N. Y. 424; Angerosa v. White Co., 248 App. Div. 425, affd. 275 N. Y. 524; Jackson v. State of New York, 210 App. Div. 115, affd. 241 N. Y. 563; 3 Williston, Contracts [Rev. ed.], § 811 A.)
Here, however, plaintiff has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which" it now claims it" was defrauded. Such a specific disclaimer destroys the allegations in plaintiff’s complaint that the agreement was executed in reli *321 anee upon these contrary oral representations (Cohen v. Cohen, supra). The Sabo case {supra) dealt with the usual merger clause. The present case, as the Cohen case, additionally, includes a disclaimer as to specific representations.
This specific disclaimer is one of the material distinctions between this case and Bridger v. Goldsmith (supra) and Crowell-Collier Pub. Co. v. Josefowitz (5 N Y 2d 998). In the Bridger case,'the court considered the effect of a general disclaimer as to representations in a contract of sale, concluding that the insertion of such a clause at the insistence of the seller cannot be used as a shield to protect him from his fraud. Another material distinction is that nowhere in the contract in the Bridger case is there a denial of reliance on representations, as there is here. Similarly, in Crowell-Collier Pub. Co. v. Josefowitz (supra), decided herewith, only a general merger clause was incorporated into the contract of sale. Moreover, the complaint there additionally alleged that further misrepresentations were made after the agreement had been signed, biff_ while the contract was held in escrow and before it had been finally ’approved.
Consequently, this clause, which declares that the parties to the agreement do not rely on specific representations not embodied in the contract, excludes this case from the scope of the Jackson, Angerosa, Bridger and Crowell-Collier cases (supra). (See Foundation Co. v. State of New York, 233 N. Y. 177.)
The complaint here contains no allegations that the contract was not read by the purchaser. We can fairly conclude that plaintiff’s officers read and understood the contract, and that they were aware of the provision by which they aver that plaintiff did not rely on such extra-contractual representations. It is not alleged that this provision was not understood, or that the provision itself was procured by fraud. It would be unrealistic to ascribe to plaintiff’s officers such incompetence that they did not understand what they read and signed. (Cf. Ernst Iron Works v. Duralith Corp., 270 N. Y. 165, 171.) Although this court in the Ernst case discounted the merger clause as ineffective to preclude proof of fraud, it gave effect to the specific disclaimer of representation clause, holding that such a clause limited the authority of the agent, and hence, *322 plaintiff had notice of his lack of authority. But the larger implication of the Ernst case is that, where a person has read and understood the disclaimer of representation clause, he is hound by it. The court rejected, as a matter of law, the allegation of plaintiffs ‘1 that they relied upon an oral statement made to them in direct contradiction of this provision of the contract.” The presence of such a disclaimer clause “ is inconsistent withT the contention that plaintiff relied upon the misrepresentation and was led thereby to make the contract.” (Kreshover v. Berger, 135 App. Div. 27, 28.)
It is not necessary to distinguish seriatim the cases in other jurisdictions as they are not, in the main, in point or, in a few instances, clash with the rule followed in the State of New York. The marshaling of phrases plucked from various opinions and references to generalizations, with which no one disagrees, cannot subvert the fundamental precept that the asserted reliance must be found to be justifiable under all the circumstances before a complaint can be found to state a cause of action in fraud. We must keep in mind that “ opinions must be read in the setting of the particular cases and as the product of preoccupation with their special facts ” (Freeman v. Hewit, 329 U. S. 249, 252). When the citations are read in the light of this caveat, we find that they are generally concerned with factual situations wherein the facts represented were matters peculiarly within the defendant’s knowledge, as in the cases of Sabo v. Delman (supra) and Jackson v. State of New York (supra).
The general rule was enunciated by this court over a half a century ago in Schumaker v. Mather (133 N. Y. 590, 596) that ‘ ‘ if the facts represented are not matters peculiarly within the party’s knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations. (Baily v. Merrell, Bulstrode’s Rep. Part III, p. 94; Slaughter v. Gerson, 13 Wall. 383; Chrysler v. Canaday, 90 N. Y. 272.)”
Very recently this rule was approved as settled law by this court in the case of Sylvester v. Bernstein (283 App. Div. 333, affd. 307 N. Y. 778)
*323 In this case, of course, the plaintiff made a representation in the contract that it was not relying on specific representations not embodied in the contract, while, it now asserts, it was in fact relying on such oral representations. Plaintiff admits then that it is guilty of deliberately misrepresenting to the seller its true intention. To condone this fraud would place the purchaser in Afavored position. (Cf. Riggs v. Palmer, 115 N. Y. 506, 511, 512.) This is particularly so, where, as here, the purchaser confirms the contract, but seeks damages. If the plaintiff has made a bad bargain he cannot avoid it in this manner.
If the language here used is not sufficient to estop a party from claiming that he entered the contract because of fraudulent representations, then no language can accomplish that purpose. To hold otherwise would be to say that it is impossible for two businessmen dealing at arm’s length to agree that the buyer is not buying in reliance on any representations of the seller as to a particular fact.
Accordingly, the order of the Appellate Division should be reversed and that of Special Term reinstated, without costs. The question certified should be answered in the negative.