John M. CHANDLER, Plaintiff,

v.

**ATLAS GENERAL INDUSTRIES, INC.,**
Defendant.

Civ. A. No. 61–902.

United States District Court
D. Massachusetts.

April 11, 1963.

Thomas M. Simmons, Boston, Mass., for plaintiff.

Joseph T. Fahy, Peabody, Brown, Rowley & Storey, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action of contract in which plaintiff, a resident of the Commonwealth of Virginia, seeks to recover from defendant, a Massachusetts corporation, commissions for the sale of certain timberlands of the defendant. The amended complaint alleges that the parties entered into an agreement in January 1959 by the terms of which plaintiff was to receive, in addition to his regular salary, a commission for the sale of certain timberlands of defendant amounting to 25 per cent of the excess in sale price over and above a base minimum agreed upon as the sale price for each timberland tract. Plaintiff alleges that as a result of his efforts certain sales were completed and that the sale of other timberland was frustrated by interference of employees of defendant which caused plaintiff to lose commissions he might otherwise have earned; that plaintiff was paid a commission as to one tract of timberland but that defendant owes him for commissions due and also owes him a sum of money for commissions that would have been earned but for the interference of the other employees. It is also alleged "that on or about the 28th day of August 1959, the respondent fraudulently representing to the complaintant (sic) that it would pay in full to your complaintant (sic) the total salary and commissions then due, and fraudulently representing to your complaintant (sic) that all negotiations, agreements and documents signed on or about August 28, 1959, concerned only commissions due on the sale of the 'Michigan' property only; that your complaintant (sic) did rely solely on these representations made by the respondent, and was thereby induced to sign a purported release."

Defendant filed an answer denying many of the allegations of the complaint and setting up several affirmative defenses, including the defense that plaintiff released and discharged defendant from all liability by an instrument in writing, dated August 28, 1959, executed by plaintiff and delivered to defendant in

consideration of the payment by defendant to plaintiff of the sum of $9673.07.

Defendant thereafter filed a motion for summary judgment based on the release. The motion was supported by the affidavit of Willard L. Heinrich, Treasurer of Atlas from September 1958 to September 1960, a photostatic copy of the release, and the affidavit of Bernard G. Yingling.

Plaintiff filed an affidavit in opposition to the motion for summary judgment, the material portion of which states "I was instructed * * * that the release which I was ordered to sign concerned only the 'Michigan' property. Relying on these statements made I signed said release." The release relied on by defendant provides as follows:

"August 28, 1959

"Atlas Plywood Corporation
 635 Madison Avenue
 New York 22, New York

"Gentlemen:

"In connection with the termination of my employment effective August 28, 1959, this will confirm in consideration of the amount of $9673.07 today received from you, I hereby release Atlas Plywood Corporation from any and all claims of whatever nature with respect to any compensation that is or may be due from Atlas Plywood Corporation.

"Very truly yours,
"JC:jh          s/ John Chandler"

The affidavit of Willard L. Heinrich establishes that during the year 1959 plaintiff claimed that he had an agreement with Mr. Maurice M. Clairmont, Chairman of the Board of Directors and chief executive officer of Atlas, for payment to him of commissions for his part in bringing in potential customers for timberlands which Atlas had up for sale. This claim was disputed by Atlas. After some negotiations plaintiff, whose service with Atlas was about to terminate because Atlas had disposed of the bulk of its timberland, was informed that at the direction of Mr. Clairmont, Atlas would pay him upon termination a total of $9673.07, including three weeks salary and a voluntary bonus of $8750.00, but that Atlas would expect in return that plaintiff would sign a release of all his claims against the company. Shortly thereafter, the release set out above was executed and delivered to Mr. Heinrich at his office in New York.

Taking as true, for purposes of this motion, plaintiff's allegation that an authorized agent of Atlas fraudulently told him that the release containing the words "from any and all claims of whatever nature with respect to any compensation that is or may be due from Atlas" concerned only the Michigan property, the motion for summary judgment nevertheless must be granted. Plaintiff admits signing the release and makes no contention that he was unaware that he was signing a release or that he thought he was signing something other than a release. The release is written in simple, clear, specific language and on its face purports to release all claims of whatever nature due or to become due from defendant to plaintiff.

Plaintiff now asks this Court to find that there is an issue of material fact as to the meaning of the quoted release and, in effect, to give him the opportunity to prove that the clear and simple language quoted does not mean what it obviously says. Under either the law of the forum, Massachusetts, or the law of New York, where the agreement relative to the release was made and where the release was delivered to defendant, plaintiff is not entitled to rely on a representation which is palpably false, the falsity of which is obvious and apparent to any lay person, even one assumed by this Court to be unskilled in legal terminology. Yorke v. Taylor, 332 Mass. 368, 374, 124 N.E.2d 912 (1955); Danann Realty Corp. v. Harris, 5 N.Y.2d 317, 322, 184 N.Y.S.2d 599, 157 N.E.2d 597 (1959). As was observed by the Court of Appeals for the Fifth Circuit, in City of Del Rio v. Ulen Contracting Corp., "One cannot close his eyes to the obvious and then claim to be deceived."

94 F.2d 701, 703 (1938). Restatement of Torts, Sec. 541.

I rule that plaintiff is bound by the release which he signed and the motion for summary judgment is allowed. Judgment for defendant with costs.