■ JOSEPH TORRENTI, Respondent v VINCENT TALIERCIO, Appellant, et al., Defendants.—In an action for specific performance of a contract for the sale of real property, the defendant Vincent Taliercio appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Pitaro, J.), dated November 9, 1987, which upon granting the plaintiff's

motion for summary judgment against him, directed him to convey the subject property to the plaintiff.

Ordered that the order and judgment (one paper) is reversed, on the law, without costs or disbursements, the plaintiff's motion is denied and the matter is remitted to the Supreme Court, Queens County, for a trial consistent with the views expressed herewith.

This action is for specific performance of a contract for the sale of real property, dated April 9, 1985, entered into between the defendant Vincent Taliercio as the seller, and the plaintiff as the purchaser. In the complaint, the plaintiff alleged:

"THIRD: That on or about April 9, 1985 and for some time prior thereto, defendant, VINCENT TALIERCIO, was the owner in fee simple absolute and seized and possessed of the premises.* * *

"EIGHTH: That plaintiff has duly performed all of the conditions of said written agreement on his part to be performed and has always been and still is ready, willing and able to perform the written agreement on his part to be performed, and hereby continues to hold open his offer to pay to defendant, VINCENT TALIERCIO, the balance of the purchase price, pursuant to the terms and provisions of the written agreement.

"NINTH: Defendant, VINCENT TALIERCIO, has failed and neglected and still fails, neglects and refuses to execute and deliver to plaintiff a deed to the subject premises pursuant to the terms and provisions of the written agreement, although duly demanded to do so by plaintiff, and said defendant has failed, neglected and refused to perform the terms and provisions of the written agreement on his part to be performed, although plaintiff has duly demanded such performance."

However, the papers submitted in support of, and in opposition to, the plaintiff's motion for summary judgment indicated that Taliercio is the president of, and a shareholder in, M & P Santini, Inc. and raised an issue of fact as to whether Taliercio, or M & P Santini, Inc. is the owner of the subject property. This issue, which is crucial in the instant action for specific performance of a contract for the sale of real property (see, S.E.S. Importers v Pappalardo, 53 NY2d 455, 464), can only be resolved after a trial, and not on papers.

Accordingly, the plaintiff's motion for summary judgment is denied and the matter is remitted to the Supreme Court, Queens County, for a trial on this issue.

Finally, we have reviewed all of Taliercio's remaining arguments raised in opposition to the plaintiff's motion for summary judgment and find them to be without merit *(see, Dann-ann Realty Corp. v Harris,* 5 NY2d 317, 320-321). Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.