OPINION OF THE COURT
David Friedman, J.
Landlord and tenant entered into a lease for suite No. 2008 at 16 Court Street, Brooklyn, New York, for the period of September 1, 1989 to August 31, 1994. The monthly base rent *283 was $1,000 with additional rent to be paid by the tenant for various factors including increases in (porter) wages which the landlord was obligated to pay. The provision for additional rent for wages was set forth in paragraph 38 of the rider to the lease which provides in pertinent part the following:
"38. If the Labor Rate for any Operation Year shall be greater than the Base Labor Rate, the Tenant shall in case of such an excess, pay to Landlord as additional rent for the premises for such Operation Year an amount equal to the product obtained by multiplying (i) the Area of the Premises by (ii) 1 cents per square foot of space demised hereby per annum for each one cent that such rate of wages is over the Base Rate. * * *
"As used in this Article, the words and terms which follow mean and include the following:
"(b) 'Area of the Premises’ shall mean the rentable square foot area of the premises (which shall for the purposes of this Article, be deemed to be 660 square feet).”
The tenant failed to pay rent when due, as a result of which this eviction proceeding for nonpayment of rent was commenced. In opposing the proceeding the tenant interposed an answer alleging that while the landlord represented that there were 660 square feet in the leased premises there are in actuality only 414.22 square feet.
The matter now before the court is the landlord’s motion for summary judgment. While various issues are raised by the motion, the one that is determinative concerns the meaning and effect of the aforementioned paragraph 38 as well as paragraph 21 of the lease proper upon which the landlord places great reliance. Paragraph 21 provides: "21. Neither Owner nor Owner’s agents have made any representations or promises with respect to the physical condition of the building * * * or any other matter or thing affecting or related to the premises except as herein expressly set forth and no rights * * * are acquired by Tenant by implication or otherwise except as expressly set forth in the provisions of this lease. Tenant has inspected the building and the demised premises and is thoroughly acquainted with their condition and agrees to take the same 'as is’ and acknowledges that the taking of possession of the demised premises by Tenant shall be conclusive evidence that the said premises and the building of which the same form a part were in good and satisfactory condition at the time such possession was so taken, except as to latent *284 defects. All understandings and agreements heretofore made between the parties hereto are merged in this contract, which alone fully and completely expresses the agreement between Owner and Tenant”.
The landlord contends in support of the motion that the clear import of paragraph 38 and its use of the phrase "Area of the Premises” was to deem the tenant’s space 660 square feet regardless of actual space and base payments on such area; that while the tenant’s office may have less than 660 square feet such number includes common areas; that the meaning of the lease is unambiguous so that oral understandings or factors extraneous to the lease cannot be utilized in order to interpret the lease; and that the merger and disclaimer provisions of paragraph 21 preclude consideration of any representations made prior to execution of the lease. Finally, the landlord argues that the tenant, an individual sophisticated in real estate matters, had a duty to measure the subject space before signing the lease.
The tenant in opposing the motion avers that before he rented the subject office, the landlord’s agent represented that it contained usable area of 660 square feet. Moreover, the tenant maintains that if paragraph 38 means to include common areas when it speaks of 660 square feet then it clearly is ambiguous making summary judgment inappropriate. Concerning the merger provision of paragraph 21 the tenant argues that it is inapplicable here where the landlord made an affirmative misrepresentation in the lease that there were 660 usable square feet being rented.
Resolution of the landlord’s motion for summary judgment necessitates consideration of three interrelated matters. These are the effect of paragraph 21 of the lease proper, the impact of the tenant’s claim that he was told by the landlord’s agent prior to executing the lease that the office contained 660 square feet and whether paragraph 38 of the rider supports an action for fraud when it deems the area of the premises to be 660 square feet even though in reality it may contain only 414.22 square feet.
Turning to the last issue first what becomes obvious is that the word "deemed” plays a preeminent role in construing paragraph 38. While expressed in a somewhat convoluted manner the plain meaning of paragraph 38 is that the tenant’s office shall be deemed to be 660 square feet. The word deem has been defined to mean "treat as if’ (Black’s Law *285 Dictionary 415 [6th ed]). While the extent of the alleged discrepancy between the actual number of square feet and the deemed number of square feet may be disturbing, use of the word deemed bars any conclusion that the landlord has made a misrepresentation. After all by using the word deemed paragraph 38 does not even make a pretense that 660 is an accurate number.
The tenant apparently recognizing the inevitability of this analysis of paragraph 38 avers that he was told by the landlord’s agent before consummation of the lease that the office actually contained 660 square feet. This averment in the tenant’s view forms a basis for a claim of fraud which should mandate denial of summary judgment. There are two obstacles in the way of such an approach, one being paragraph 21 and the other the tenant’s obligation to verify the veracity of a representation of size.
Paragraph 21 is, as indicated, commonly referred to as a merger clause. Examination of the paragraph shows that an argument can certainly be made that it does not deal with office size but rather with conditions in a physical and mechanical sense. Thus there may very well be the sort of ambiguity which justifies looking dehors the instrument for a clarification of intent (Bayside Fed. Sav. & Loan Assn. v Cord Meyer Dev. Co., 28 AD2d 866). More significantly, it is well established that a general "boiler-plate” merger clause fails to prevent judicial inquiry and receipt of paroi evidence concerning the specific allegations of fraud (Danann Realty Corp. v Harris, 5 NY2d 317; Most v Monti, 91 AD2d 606). There is no question that paragraph 21 with its silence on the subject of office size certainly constitutes a general merger clause vis-ávis that issue (cf., Danann Realty Corp. v Harris, supra). Thus, if paragraph 21 were the sole controlling factor, the tenant’s claim that he was told there actually were 660 square feet in the office would mandate denial of the landlord’s motion for summary judgment and trial of the tenant’s fraud claim.
There is, however, another principle that is determinative of this motion. As stated in Danann Realty Corp. v Harris (supra, at 322): " '[I]f the facts represented are not matters peculiarly within the party’s knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations.’ ”
*286 In Most v Monti (supra), plaintiffs purchased a health club from defendants. In seeking to recover damages for fraud plaintiffs alleged that defendants falsely represented that the real property and improvements were fully assessed and that the amount of current and projected taxes was based upon said full assessment. Plaintiffs alleged that they entered into the contract of sale relying upon the misrepresentation. Relying upon Danann Realty Corp. v Harris (supra), the Appellate Division stated (at 606-607): "It is clear that information as to whether or not the subject parcel and its improvements were fully assessed was readily available to plaintiffs upon their making reasonable inquiry. What plaintiffs seek in this instance is an implausible finding that an experienced businessman such as plaintiff * * * in assuming a major proprietary interest in a commercial enterprise, and incurring a heavy financial obligation, did so on verbal assurances given him by one of the defendants that the property was fully assessed * * * Under the circumstances plaintiffs failed unreasonably to investigate the truth of the alleged misrepresentation.” (Citations omitted.)
By a parity of reasoning the same conclusions seem appropriate at bar. It is uncontroverted that the tenant was a person knowledgeable in real estate matters. The number of square feet in the office was a matter readily ascertainable by reasonable inquiry if the tenant cared to know. Thus the onus for the tenant’s dilemma of being required to pay wage escalations based on 660 square feet when he may have had use of only 414 square feet lies in his failure to exercise reasonable vigilance. Furthermore, the tenant should have been alerted to the need for inquiry, if he was concerned about the matter, from the very lease he ultimately signed since it did not represent that there were 660 square feet but only deemed there to be such area (cf., Nestler v Whiteside, 162 AD2d 845, 847).
There are no issues of fact to be tried. Tenant must pay wage escalations based upon the 660 square feet stated in paragraph 38. Accordingly, the landlord’s motion for summary judgment is granted.