■ S.R. LEON Co., INC., Appellant, v THE TOWERS, Respondent. [599 NYS2d 53] —In an action to recover damages for fraud, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Brucia, J.), entered March 27, 1991, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1981, the plaintiff leased office space for 10 years from the defendant landlord. Paragraph 20 of the 10-year lease stated, in pertinent part: "Neither Landlord nor Landlord's agents have made any representations or promises with respect to the physical condition of the building, the land upon which it is erected, or the demised premises, the rents, leases, expenses of operation or any other matter or thing affecting or related to the premises except as herein expressly set forth * * * Tenant has inspected the building and the demised premises and is thoroughly acquainted with their condition, and agrees to take the same 'as is' ". Article 40-A (4) of the lease provides: "[f]or the purposes of this lease the rentable areas of the Demised Premises and of the Building above grade shall be deemed to be 4,195 square feet and 145,000 square feet, respectively". The plaintiff vacated the premises in March 1989 and in June 1989 the landlord commenced a summary proceeding to recover rent unpaid under the lease. Barred from asserting counterclaims in the summary proceeding because of a lease provision, the plaintiff commenced this action. The complaint alleged, inter alia, that, prior to the execution of the lease, the landlord orally represented that

the "loss factor", a figure used to compensate landlords for a tenant's use of common areas, would be 15%, and that when the plaintiff measured the useable space for the first time in January 1989 it was discovered that the loss factor was actually 23.71%. The complaint also alleged that the building's gross square footage, used to calculate escalation payments, was 150,000 square feet rather than the 145,000 square feet described in the lease, and therefore the defendant had, from the lease's inception, overbilled the plaintiff for escalations.

We disagree with the plaintiff's contention that summary judgment dismissing the complaint was not warranted.

With regard to the alleged misrepresentation as to the loss factor, Paragraph 20 of the lease was sufficiently specific to bar the plaintiff from claiming that he was fraudulently induced into entering the contract because of oral misrepresentations (see, Danann Realty Corp. v Harris, 5 NY2d 317, 322; Weiss v Shapolsky, 161 AD2d 707). The evidence also conclusively shows that the plaintiff did not rely upon the alleged misrepresentation as to loss factor in executing the lease. The loss factor was not written into the lease. The tenant agreed, in Paragraph 20, that he inspected the premises and found them acceptable. Most telling is that the plaintiff occupied the space for nearly eight years in complete ignorance of the actual loss factor.

With regard to the alleged fraud regarding escalations, Article 40-A constitutes an agreement by the plaintiff that the size of the building would be deemed 145,000 square feet for the purposes of the lease, regardless of the building's actual size (see, Wohl v Owen, 153 Misc 2d 282).

Since there are no triable issues of fact, summary judgment dismissing the complaint was proper. Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.