**PATELL INDUSTRIAL MACHINE CO., INC., Plaintiff**

v.

**TOYODA MACHINERY U.S.A., INC., Defendant.**

Civ. No. 93–CV–1572.

United States District Court, N.D. New York.

March 30, 1995.

Phillips, Lytle, Hitchcock Blaine & Huber, Rochester, NY, for plaintiff (Gregory M. Trusso, of counsel).

Martin, Martin & Woodard, Syracuse, NY, for defendant (Winthrop H. Thurlow, of counsel).

### DECISION AND ORDER

SCULLIN, District Judge:

## INTRODUCTION

Presently before the court is defendant Toyoda Machinery U.S.A., Inc.'s ("Toyoda") motion for partial summary judgment as to three of the four causes of action brought in the complaint. Toyoda seeks to dismiss plaintiff Patell Industrial Machine Co., Inc.'s ("Patell") causes of action alleging breach of warranty, fraudulent inducement, and negligent misrepresentation.

## BACKGROUND

This action arises out of the sale and subsequent return of a machine tool commonly known as a lathe. In April 1993, Patell's representatives contacted a local machine supply company to locate and purchase a lathe. The local machine supply company determined that defendant Toyoda had a lathe that might meet Patell's needs and put the parties in contact. During a telephone conference between the parties and a representative of the local supply company, the parties discussed the lathe that Toyoda had available. Toyoda allegedly told Patell that the lathe had only 60 hours of cutting time and had only been actually used for approximately 200 hours.

Toyoda offered to fly Patell's representatives to Toyoda's offices to inspect the lathe prior to their purchase. Toyoda contends that it offered to pay for the trip unconditionally, and Patell contends that Toyoda offered to pay only if Patell ultimately purchased the lathe. In any event, Patell declined the trip and negotiated a 30–day return privilege, which allowed it to return the lathe at its own shipping cost within 30 days of installation if it was dissatisfied with the machine.

After the contract was entered into but before the machine was shipped, Toyoda represented to plaintiff that the machine had a bar capacity of 2.5″. In fact, the machine had a bar capacity of 2.47″.

The machine was shipped to Patell on or about May 14, 1993. Patell allegedly experienced installation and operational problems (including that the bar capacity was never increased to 2.5″) and returned the lathe on or about June 21, 1993 in accord with its return privilege. Shortly thereafter Toyoda refunded Patell's full deposit. Patell brought the current action claiming breach of warranty, fraudulent inducement, breach of contract and negligent misrepresentation and seeking compensatory damages including costs allegedly incurred in setting up its floor space to accommodate the lathe and in making alternate arrangements to complete its orders.

## DISCUSSION

### I. STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when the moving party shows that no genuine issue of material fact exists as a matter of law. *See, e.g.,* Fed.R.Civ.Proc. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). An unresolved factual issue is one that a reasonable fact-finder could decide in favor of either party. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

### II. BREACH OF WARRANTY

Defendant moved to dismiss the first cause of action in the complaint alleging breach of warranty because such a claim is only valid if the goods are accepted. The plaintiff does not dispute this contention and consents to withdraw this cause of action. Therefore, defendant is entitled to summary judgment on this cause of action.

## III. FRAUDULENT INDUCEMENT

■ Under New York law,[1] a claim of fraudulent inducement requires proof "(1) that the defendant made a representation, (2) as to a material fact, (3) which was false, (4) and known to be false by the defendant, (5) that the representation was made for the purpose of inducing the other party to rely upon it, (6) that the other party rightfully did so rely, (7) in ignorance of its falsity, (8) to his injury." *Computerized Radiological Servs. v. Syntex Corp.*, 786 F.2d 72, 76 (2d Cir.1986) (quoting *Brown v. Lockwood*, 76 A.D.2d 721, 432 N.Y.S.2d 186, 193 (1980)).

■ Defendant does not contend that any of its statements were true or immaterial; rather, defendant contends that plaintiff could not have justifiably relied on the representations because it declined to inspect the machine prior to entering the contract. For this proposition, defendant relies on *Danann Realty Corp. v. Harris*, 5 N.Y.2d 317, 184 N.Y.S.2d 599, 157 N.E.2d 597 (Ct.App.1959).

In *Danann*, the purchaser of a lease on a building sought damages for fraud, claiming that it had entered into a contract of sale as a result of the selling defendants' false representations as to the operating expenses and rents. *Id.*, 184 N.Y.S.2d at 600, 157 N.E.2d at 599. The contract itself, however, stated that the seller had not made any representations as to expenses and rents and that the purchaser acknowledges that no such representations were made. *Id.* at 601, 157 N.E.2d at 598. Further, the purchaser expressly disavowed reliance on any representations not contained in the contract. *Id.* The Court of Appeals ruled that "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representations, he must make use of those means or he will not be heard to complain that he was induced to enter into the transaction by the misrepresentation." *Danann*, 184 N.Y.S.2d at 603, 157 N.E.2d at 599.

Defendant also relies on *Grumman Allied Indus., Inc. v. Rohr Indus., Inc.*, 748 F.2d 729 (2d Cir.1984). In *Grumman*, the plaintiff purchased defendant's assets, including the prototype of a bus that was scheduled for later production. Problems later developed with the production models of the bus which forced a recall. Upon discovering that the prototypes suffered the same defects during testing the plaintiff sued for fraud. The Second Circuit held that there could not have been justifiable reliance because the evidence showed that the plaintiff had "unfettered access" to the defendant's records and personnel and had the business and technical acumen to use that access. *Id.* at 737. The court held: "[W]here sophisticated businessmen engaged in major transactions enjoy access to critical information but fail to take advantage of that access, New York courts are particularly disinclined to entertain claims of justifiable reliance." *Id.*

The present case is distinguishable from both *Danann* and *Grumman*. Here, initially, there is a question of fact whether plaintiff had access to the true facts prior to entering into the contract—access of the type enjoyed in *Danann* and *Grumman*. Defendant contends that it unconditionally offered to fly plaintiff's representatives to defendant's offices to inspect the lathe prior to the purchase. Plaintiff contends that defendant offered to pay for the flight only if plaintiff ultimately purchased the lathe. Thus there is a question of fact whether the plaintiff enjoyed "unfettered" access to the true facts or was limited to gaining access only at a substantial cost. There is also a question of fact whether the access would have revealed the true nature of the representations. For example, it is not clear that the age-hours of the machine or the bar capacity could be determined upon inspection. Moreover, there were no contract provisions here, as there were in *Danann* and *Grumman*, which disavowed reliance or circumscribed the representations made. Nor was there any public information that would inform the true nature of the representations. Thus, whether plaintiff was justified in relying on defendant's representations is a question of fact that precludes summary judgment. *See Keywell Corp. v. Weinstein*, 33 F.3d 159, 164 (2d Cir.1994). Defendant's motion for sum-

**1.** Both parties agree that New York Law applies.

mary judgment on count II is therefore denied.

## IV. NEGLIGENT MISREPRESENTATION

 Under New York law, the elements of negligent misrepresentation are: "(1) carelessness in imparting words, (2) upon which others were expected to rely, (3) upon which they did act or failed to act, (4) to their damage, and (5) the author must express the words directly, with knowledge they will be acted upon, to one whom the author is bound by some relation or duty of care." *In re Drexel Burnham Lambert Group, Inc.,* 151 B.R. 49, 60 (S.D.N.Y.1993); *Mallis v. Bankers Trust Co.,* 615 F.2d 68, 82 (2d Cir.1980), *cert. denied,* 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981).

In order to recover under a negligent misrepresentation theory, plaintiff must allege a special relationship that "suggest[s] a closer degree of trust and reliance than that of the ordinary buyer and seller." *Sanitoy, Inc. v. Shapiro,* 705 F.Supp. 152, 154 (S.D.N.Y.1989) (citing *American Protein Corp. v. AB Volvo,* 844 F.2d 56, 63 (2d Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988)). Here plaintiff alleges nothing more than a one-time buyer-seller relationship. "Courts generally find that an ordinary contractual relationship alone is insufficient to constitute a special relationship." *Congress Financial Corp. v. John Morrell & Co.,* 790 F.Supp. 459, 474 (S.D.N.Y.1992). Therefore plaintiff's negligent misrepresentation claim must fail.

Therefore, it is hereby

ORDERED that defendant's motion for partial summary judgment is DENIED as to plaintiff's Cause of Action II, and GRANTED as to plaintiff's Causes of Action I and IV, and accordingly Causes of Action I and IV are DISMISSED.

**IT IS SO ORDERED.**