■ Davoud Bardi, Appellant, v Estate of Audley Morgan et al., Defendants, and Estate of Joyce Benjamin, Respondent. [877 NYS2d 142]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Kramer, J.), dated October 16, 2007, which, upon, in effect, granting his motion to direct the referee to close title, inter alia, determined that he breached the terms of sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly found that the plaintiff, the successful bidder at a foreclosure resale, defaulted at the scheduled closing. Contrary to the plaintiff's assertion that time was not of the essence due to the fact that the terms of sale only provided that the closing date would be "on or before 9/15/06," which language has been held not to be clear and unequivocal so as to render time of the essence (*see O'Connell v Clear Holding Co.*, 126 AD2d 530 [1987]), paragraph 2 of the terms of sale provided that "time is of the essence with respect to the Closing Date as to the purchaser only." Therefore, the contract clearly expressed that time was of the essence and there is no indication in the record that the parties mutually agreed to waive that provision (*see Grace v Nappa*, 46 NY2d 560, 565 [1979]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Florio, Dickerson and Chambers, JJ., concur.