■ In the Matter of Matthew L., an Incapacitated Person. Virginia L., as Administrator C.T.A. of the Estate of Raffaelle L., Deceased, Petitioner; Nicholas L., as Guardian of the Person and Property of Matthew L., an Incapacitated Person, Respondent-Appellant. Jacob Elberg, Nonparty Appellant-Respondent. [914 NYS2d 171]—

In a proceeding pursuant to CPLR article 52, inter alia, to compel the sale of an incapacitated person's interest in real property to satisfy a judgment lien filed prior to the appointment of a guardian of the person and property of the incapacitated person, nonparty Jacob Elberg appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Thomas, J.), dated February 3, 2009, as granted those branches of the cross petition which were (a), in effect, to declare that he defaulted on the terms of an auctioneer's memorandum of sale dated May 10, 2005, referable to the sale of the incapacitated person's interest in the subject real property, (b) to cancel, vacate, and set aside the memorandum of sale, and (c) to vacate the determination in an order of the same court dated June 30, 2005, directing Nicholas L., as guardian of the person and property of Matthew L., an incapacitated person, to convey the incapacitated person's interest in the subject real property to him, and (2) so much of an order of the same court, also dated February 3, 2009, as denied the motion of Virginia L., as administrator, C.T.A., of the estate of Raffaele L., in which, in effect, he joined, inter alia, to hold Nicholas L., as guardian of the person and property of Matthew L., an incapacitated person, in contempt of court; and Nicholas L., as guardian of the person

and property of Matthew L., an incapacitated person, cross-appeals from so much of the second order dated February 3, 2009, as, in effect, upon denying that branch of his cross petition which was for the forfeiture of the down payment of $120,000 made by nonparty Jacob Elberg in connection with the auction sale of the subject real property, directed that the down payment be returned to nonparty Jacob Elberg.

Ordered that the first order dated February 3, 2009, is modified, on the law and the facts, by deleting the provision thereof granting that branch of the cross petition which was, in effect, to declare that nonparty Jacob Elberg defaulted on the terms of the auctioneer's memorandum of sale and substituting therefor a provision denying that branch of the cross petition; as so modified, the first order dated February 3, 2009, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the second order dated February 3, 2009, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that one bill of costs is awarded to Nicholas L., as guardian of the person and property of Matthew L., an incapacitated person.

In an order dated March 3, 2005, the Supreme Court directed that the interest in real property owned by Matthew L., an incapacitated person, was to be sold to satisfy a judgment entered against him and in favor of Virginia L., as administrator, C.T.A., of the estate of Raffaele L. On May 10, 2005, the subject real property, located at 29-15 40th Road in Long Island City, was sold at auction to the successful bidder, the nonparty Jacob Elberg. A memorandum of sale bearing that date was confirmed in an order dated June 30, 2005, which also, inter alia, directed Nicholas L., the guardian of Matthew L. to transfer title to Elberg. However, the sale did not close. Rather, when it became apparent that the prior sale of the incapacitated person's interest in another parcel of real property (hereinafter the other real property) was sufficient to satisfy the judgment, Nicholas L., over Elberg's objections, successfully cross-petitioned to set aside both the memorandum of sale and the determination in the order dated June 30, 2005, directing him to transfer title to Elberg.

Contrary to Elberg's contention, by bidding on the subject property at a court-Ordered auction sale, tendering a down payment in the sum of $120,000 for the property, and entering into terms of sale, he submitted himself to the jurisdiction of the Supreme Court over matters concerning the subject property

and sale (*see National Bank of Stamford v Van Keuren*, 184 AD2d 92, 97 [1992]). Accordingly, there is no merit to Elberg's claim that the Supreme Court lacked personal jurisdiction to render a determination adverse to his interest in the subject property.

There is no merit to Elberg's further contention that expiration of the one-year limitations period articulated in CPLR 2003 precluded the Supreme Court from setting aside the sale of the subject property. In view of the evidence that the proceeds from the prior sale of the other real property had been sufficient to satisfy the judgment against the incapacitated person, and in light of the fact that the sale had been directed solely to satisfy the judgment, the Supreme Court had authority to revisit the order dated June 30, 2005, and, for sufficient reason and in the interest of substantial justice, to thereupon set aside the sale (*see* CPLR 5015 [a]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]).

However, we agree with Elberg's contention that the Supreme Court erroneously determined that he was in default of the terms of sale, since, inter alia, the terms of sale did not make time of the essence for closing (*see generally Savitsky v Sukenik*, 240 AD2d 557, 558 [1997]; *O'Connell v Clear Holding Co.*, 126 AD2d 530 [1987]; *cf. Bardi v Estate of Morgan*, 61 AD3d 625 [2009]). Although the Supreme Court incorrectly determined that Elberg was in default, it directed that Elberg's $120,000 down payment be returned to him. Contrary to the contention of Nicholas L., there is no basis on which to disturb that directive.

We reject Elberg's contention that the doctrine of unclean hands bars the equitable relief granted to Nicholas L. (*see generally Weiss v Mayflower Doughnut Corp.*, 1 NY2d 310, 316 [1956]; *Kopsidas v Krokos*, 294 AD2d 406, 407 [2002]).

Elberg's remaining contention is without merit. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.