Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered April 15, 2011, which, insofar as appealed from as limited by the briefs, denied defendant’s motion for summary judgment dismissing the causes of action for breach of contract and fraudulent misrepresentation, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
No triable issues of fact exist as to plaintiffs fraudulent misrepresentation claim. The record establishes that any reliance by plaintiff on the alleged misrepresentations, concerning the taxable nature of the provision of plaintiffs services to defendant (a matter not peculiarly within defendant’s knowledge), would have been unreasonable as a matter of law. Plaintiff itself could readily have investigated the accuracy of the alleged representations, but failed to do so (see Danann Realty Corp. v Harris, 5 NY2d 317, 322 [1959]). Moreover, the certificate that defendant provided to plaintiff, on its face, concerned only the tax status of defendant’s personal property, and did not state either that defendant was an agent of a tax-exempt public authority or that services provided to defendant would be nontaxable.
*494 Defendant is also entitled to summary judgment dismissing the cause of action for breach of contract, which is based on the claim that defendant, as vendee of plaintiff’s services, was contractually obligated to pay applicable sales tax in addition to the rate for those services set forth in the purchase orders. Contrary to plaintiffs contention, the purchase order agreements at issue unambiguously place the obligation to pay sales tax on plaintiff, as vendor. The purchase orders set the hourly rate for plaintiffs services at $17.00 per hour, “including all applicable tax” (emphasis added), plainly meaning that applicable taxes were to be paid by the vendor (plaintiff) out of the amount due from the vendee (defendant) at the stated rate. Concur— Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ. [Prior Case History: 2011 NY Slip Op 30992(U).]