28th Highline Associates, L.L.C. v. Roache

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

28th Highline Associates, L.L.C.,

>   *Plaintiff-Counter-Defendant-Appellee*,

>   v.                                                                    19-740

Iain Roache,

>   *Defendant-Counter-Claimant-Appellant*.

_____

FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLEE: EMILY S. REISBAUM, Clarick Gueron Reisbaum LLP, New York, NY.

FOR DEFENDANT-COUNTER-CLAIMANT-APPELLANT: IAIN ROACHE, pro se, Menerbes, Luberon, France.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Iain Roache, proceeding pro se, appeals the district court's judgment on the pleadings in favor of Appellee, 28th Highline Associates, L.L.C., which alleged that Roache breached a real estate contract to buy a luxury condominium in New York City when he failed to timely close and pay the remaining balance. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In December 2015, Roache signed a contract to purchase the condominium apartment, a storage unit, and a parking space in an under-construction building in Manhattan for $10,565,000. Pursuant to the contract, Roache deposited 20% of the purchase price – $2,113,000 – in escrow. The parties agreed that time was of the essence with respect to Roache's obligations to pay the balance on the closing date; that failure to pay constituted a default and, upon notification, Roache would have 30 days to cure the default; and that Appellee could, in its sole discretion, cancel the contract and retain the deposit as liquidated damages if Roache failed to cure the default. The contract also contained provisions stating that the written agreement constituted the entire agreement and that Roache did not rely on oral representations made by Appellee or its agents except as specified in the agreement.

Appellee subsequently scheduled a closing date in July 2017, and Roache sought an adjournment to a "mutually agreeable date and time *no later than August 23, 2017 at 2:00 p.m.*"

2

(pursuant to his contractual right to seek one 30-day adjournment). Supp. App'x at 62. The closing never occurred, and Appellee sent Roache a notice of default in November 2017. After negotiations to schedule a new closing date broke down, Appellee cancelled the contract in January 2018 and brought this suit, seeking release of the deposit from escrow. Roache, through counsel, answered the complaint and asserted counterclaims of anticipatory repudiation and fraudulent inducement. Both parties cross-moved for judgment on the pleadings. The district court granted Appellee's motion and denied Roache's motion.

This Court reviews *de novo* a district court's decision to grant judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), construing the allegations in the light most favorable to the non-moving party. *Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2d Cir. 2018). Judgment on the pleadings is appropriate where the movant has established "that no material issue of fact remains to be resolved and that [the movant] is entitled to judgment as a matter of law." *Juster Assocs. v. City of Rutland*, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In determining a Rule 12(c) motion, the district court may consider "any written documents attached to" the pleadings, "materials incorporated in [the complaint] by reference," and "documents that, although not incorporated by reference, are integral to the complaint." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation marks omitted). Under New York law, "the initial interpretation of a contract is a matter of law for the court to decide." *Alexander & Alexander Servs., Inc., v. These Certain Underwriters at Lloyd's, London*, 136 F.3d 82, 86 (2d Cir. 1998) (internal quotation marks omitted).

Here, an independent review of the record and relevant case law reveals that the district

3

court properly granted Appellee's motion, denied Roache's motion, and entered judgment in Appellee's favor. As the district court explained in its thorough opinion, Roache defaulted under the unambiguous terms of the contract by failing to timely close, and Appellee was therefore entitled to cancel the contract and retain the deposit.

Roache's arguments on appeal are meritless. First, the contract specifically stated that time was of the essence with respect to Roache's obligations, including his obligation to timely pay the balance. *See Bardi v. Estate of Morgan*, 61 A.D.3d 625, 625 (2d Dep't 2009) ("Contrary to the plaintiff's assertion that time was not of the essence due to the fact that the terms of sale only provided that the closing date would be 'on or before 9/15/06,' which language has been held not to be clear and unequivocal so as to render time of the essence, . . . the terms of sale provided that 'time is of the essence with respect to the Closing Date as to the purchaser only.' Therefore, the contract clearly expressed that time was of the essence[.]").

Second, although Roache argues that Appellee waived its right to cancel the contract by continuing to negotiate a new closing date after the default, the contract expressly provided that Appellee had *discretion* to cancel the agreement based on such a default, and that "[a]ny failure by either party hereto to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the provisions hereof." Supp. App'x at 28. No written amendment concerning a later closing date was ever signed by the parties.

Third, Roache's assertion that Appellee was not willing and able to close is unsupported by any specific factual allegations and belied by the documents submitted with the pleadings (including Appellee's initial notice scheduling closing in July 2017).

4

Fourth, Roache's fraudulent inducement claim is barred by the express provisions of the contract disclaiming any reliance on oral representations.[1]  *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 575–76 (2d Cir. 2005) (stating that a disclaimer that is sufficiently specific "destroys the allegations in the plaintiff's complaint that the agreement was executed in reliance upon . . . contrary oral representations" (quoting *Danann Realty Corp. v. Harris*, 5 N.Y.2d 317, 320–21 (1959))).  To the extent Roache argues that he is not a sophisticated businessman and thus not subject to those provisions, he is incorrect.  Although the "specificity requirement [of the disclaimer] is further relaxed when the contracting parties are 'sophisticated business people,'" *id.* at 576, the disclaimer here is sufficiently specific on its face.  *Compare* Supp. App'x at 25 *with Danann*, 5 N.Y.2d at 320 (holding that a similar disclaimer barred a fraudulent inducement claim without discussion of the level of sophistication of the parties).  Further, even if it could be argued that Roache himself was not sophisticated, the record demonstrates that he was represented by New York counsel when negotiating and signing the agreement.

Finally, allowing Appellee to retain the deposit is not inherently unfair.  To the contrary, such a remedy is consistent with well-established New York law and the unambiguous terms of the contract, which specifically disclaimed any challenge to Appellee's right to retain the deposit as liquidated damages.  *See Uzan v. 845 UN Ltd. P'ship*, 10 A.D.3d 230, 236–40 (1st Dep't 2004).

We have considered all of Roache's remaining arguments and find them to be without

---

[1] Prior to oral argument, Roache filed a motion to provide supplemental information to the Court that he wished to discuss at argument, and the panel allowed Roache to refer to the information.  *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (explaining that the special "solicitude afforded to *pro se* litigants takes a variety of forms").  Nevertheless, in addition to the fact that this Court generally "will not consider new evidence absent extraordinary circumstances," *Munn v. Hotchkiss Sch.*, 795 F.3d 324, 330 (2d Cir. 2015) (internal quotation marks omitted), which are not shown here, those materials are altogether irrelevant in light of the contractual provision that disclaimed Roache's reliance on Appellee's representations beyond the four corners of the agreement.

merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
