Kim v XP Sec., LLC (2021 NY Slip Op 06764)





Kim v XP Sec., LLC


2021 NY Slip Op 06764


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 651341/20 Appeal No. 14730 Case No. 2021-00735 

[*1]Bruce Kim, Plaintiff-Appellant,
v
XP Securities, LLC, Now Known as XP Investments US, LLC, et al., Defendants-Respondents.


The Law Office of Alexander Sakin, LLC, New York (Alexander Sakin of counsel), for appellant.
Kasowitz Benson Torres LLP, New York (Brian S. Choi of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered February 4, 2021, which, to the extent appealed from as limited by the briefs, granted the motion to dismiss of defendants XP Securities, LLC, now known as XP Investments US, LLC (XPI), and Pedro Henrique Cristoforo da Silveira insofar as it sought to dismiss the cause of action for fraudulent inducement, unanimously affirmed, with costs.
Plaintiff's employment agreement contained a merger provision stating generally that the agreement superseded all prior agreements, as well as a "no representations" clause stating specifically, "[Plaintiff] has not executed this Agreement in reliance upon any promise, representation, statement or warranty whatsoever, express or implied, which is not expressly contained in this Agreement." In light of these provisions, the motion court properly dismissed the fraudulent inducement claim, which was based on alleged misrepresentations made by Silveira regarding the development of an order management system and regarding whether XPI had access to the information technology resources of its parent company (see D'Artagnan, LLC v Sprinklr Inc., 192 AD3d 475, 477 [1st Dept 2021]; DuBow v Century Realty, Inc., 172 AD3d 622, 622 [1st Dept 2019]). Additionally, the peculiar knowledge exception to claims of fraudulent representation does not apply (Danann Realty Corp. v Harris, 5 NY2d 317, 322 [1959]; Schumaker v Mather, 133 NY 590, 596 [1892]; see also Jana L. v West 129th St. Realty Corp., 22 AD3d 274, 278 [1st Dept 2005]). Even if facts pertaining to the order management system and XPI's access to the information technology resources of its parent company are peculiarly within the knowledge of defendant, plaintiff's pleadings do not demonstrate that he exercised ordinary diligence in investigating defendant's representations, despite their alleged importance to the employment agreement.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021