■ COUNTRY WORLD, INC., et al., Appellants, v IMPERIAL FROZEN FOODS COMPANY, INC., et al., Respondents.—In an action to recover damages for misrepresentation, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated July 26, 1990, which (1) granted the defendants' motion for summary judgment dismissing the amended complaint, and (2) denied the plaintiffs' motion for leave to serve a supplemental amended complaint to include a third cause of action to recover damages for negligent misrepresentation.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendants' motion which was to dismiss the first cause of action interposed on behalf of the plaintiff corporation, and substituting therefor a provision denying that branch of the motion, and reinstating that cause of action; as so modified, the order is affirmed, without costs or disbursements.

By sales confirmation slip dated May 22, 1981, the plaintiff corporation purchased 6,000 drums of apple juice concentrate from Universal Juice, Inc. (hereinafter Universal), through the defendant broker Imperial Frozen Foods Company, Inc. (hereinafter Imperial). The sales confirmation slip stated "100% pure apple concentrate, quality to be same as previously supplied and approved". The industry-wide tests used at the time could not detect the adulteration of apple juice concentrate by beet sugar. In May 1982 the New York State Department of Agriculture and Markets notified the plaintiff corporation that its new methods of testing concentrate showed that the apple juice concentrate supplied by Universal was a synthetic made wholly or partly from beet sugar. The plaintiffs claim that Imperial and its salesmen knew that the apple juice concentrate was not pure at the time it made the representations. The Supreme Court granted the defendants' motion for summary judgment on the ground that the plaintiff corporation did not rely on the representations but relied on its own independent investigation.

In a fraud action, whether a party could have ascertained the facts with reasonable diligence so as to negate justifiable reliance is a factual question *(see, Dygert v Leonard,* 138 AD2d 793; *Petraccione v Simmons,* 106 AD2d 776; *Tahini Invs. v Bobrowsky,* 99 AD2d 489). There are triable issues of fact as to whether the defendants knew that the apple juice concentrate was adulterated and whether the plaintiff corporation could have ascertained the adulteration with reasonable diligence. Therefore, the first cause of action, alleging fraud, must be reinstated.

However, the Supreme Court properly dismissed the causes of action asserted on behalf of the individual plaintiffs on the ground that they had no standing to sue *(see, Abrams v Donati,* 66 NY2d 951; *New Castle Siding Co. v Wolfson,* 97 AD2d 501, *affd* 63 NY2d 782).

Further, the Supreme Court properly denied the plaintiffs' motion for leave to serve a supplemental amended complaint to include a third cause of action to recover damages for negligent misrepresentation on the ground that the Statute of Limitations had run *(see,* CPLR 203 [a]; 214 [4], [5]). We reject the plaintiffs' claim that the defendants are estopped from pleading the Statute of Limitations, because the plaintiffs had sufficient time to interpose the third cause of action after discovery of the fraud *(see, Simcuski v Saeli,* 44 NY2d 442). Bracken, J. P., Harwood, Miller and Copertino, JJ., concur.