[967 NE2d 675, 944 NYS2d 452]

William I. Koch, Appellant, v Acker, Merrall & Condit Company, Respondent.

Decided March 27, 2012

## APPEARANCES OF COUNSEL

*Hunton & Williams LLP*, New York City (*Joseph J. Saltarelli, Shawn Patrick Regan* and *Jennifer L. Cummins* of counsel), and *Irell & Manella LLP*, Newport Beach, California (*Bruce A. Wessel, John Hueston* and *Moez M. Kaba* of counsel), for appellant.

*Meister Seelig & Fein LLP*, New York City (*Stephen B. Meister, Thomas L. Friedman* and *Remy J. Stocks* of counsel), for respondent.

*Theodore Hadzi-Antich* and *Deborah J. La Fetra*, Sacramento, California, for Pacific Legal Foundation, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and defendant's motion to dismiss plaintiff's General Business Law §§ 349 and 350 causes of action denied. To successfully assert a claim under General Business Law § 349 (h) or § 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice" (*City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d 616, 621 [2009]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324 n 1 [2002]). Here, plaintiff sufficiently pleaded such causes of action, and the disclaimers set forth in defendant's catalogs "do not . . . bar [plaintiff's] claims for deceptive trade practices at this stage of the proceedings, as they do not establish a defense as a matter of law" (*Goshen*, 98 NY2d at 326; *see Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 345 [1999]).

To the extent that the Appellate Division order imposed a reliance requirement on General Business Law §§ 349 and 350 claims, it was error. Justifiable reliance by the plaintiff is not an element of the statutory claim (*see Small v Lorillard Tobacco*

*Co.*, 94 NY2d 43, 55 [1999], citing *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26 [1995]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur in memorandum; Judge SMITH taking no part.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), judgment appealed from and order of the Appellate Division brought up for review reversed, etc.