12-4184-cv
Derbaremdiker v. Applebee's Int'l, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand thirteen.

PRESENT:  DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    Circuit Judges,
          LAURA TAYLOR SWAIN,
                    District Judge.[*]

- - - - - - - - - - - - - - - - - - - - - - -x

ALEX DERBAREMDIKER,
                    Plaintiff-Appellant,

          -v-                                    12-4184-cv

APPLEBEE'S INTERNATIONAL, INC.,
                    Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      TODD C. BANK, Law Office of Todd C. Bank, Kew Gardens, New York.

FOR DEFENDANT-APPELLEE:       MICHAEL KENDALL (Kevin M. Bolan and Karen Eisenstadt, on the brief), McDermott Will & Emery LLP, Boston, Massachusetts.

---

[*]      The Honorable Laura Taylor Swain, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Matsumoto, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Alex Derbaremdiker appeals from the district court's October 2, 2012 judgment, entered pursuant to its September 26, 2012 memorandum and order dismissing the class action complaint for failure to state a claim. <u>See</u> Fed. R. Civ. P. 12(b)(6). In his complaint, Derbaremdiker alleges that defendant-appellee Applebee's International, Inc. ("Applebee's") engaged in deceptive conduct in connection with an online customer satisfaction survey and sweepstakes. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review a dismissal under Rule 12(b)(6) <u>de novo</u>, accepting the complaint's allegations as true and drawing all reasonable inferences in favor of the plaintiff. <u>See</u> <u>Rothstein v. UBS AG</u>, 708 F.3d 82, 90 (2d Cir. 2013). After an independent review of the record, we affirm for substantially the reasons set forth by the district court in its thorough twenty-three-page opinion.

On appeal, Derbaremdiker argues that the district court improperly went beyond the four corners of the complaint to consider the sweepstakes' official rules, which were located on a website referenced in the receipt. This argument is waived because, in the proceedings below, Derbaremdiker expressly agreed that the district court could properly consider these rules. Even if the argument were not waived, the complaint refers to these rules and the district court properly deemed them to be incorporated in the complaint. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 112 (2d Cir. 2010).

Notwithstanding Derbaremdiker's arguments to the contrary, these rules do not contradict the statements on the receipt, but rather clarify those statements to the extent they were ambiguous regarding which prizes were available daily and which companies participated in the sweepstakes. Accordingly, a reasonable person would not find the receipt "materially misleading," Koch v. Acker, Merrall & Condit Co., 18 N.Y.3d 940, 941 (2012), and "equity and good conscience" do not require that Applebee's disgorge any "benefit" derived from Derbaremdiker's response to the survey, Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 790 (2012). Cf. Samuelson v. Union Carbide Corp., No. 85 Civ. 5373, 1986 WL 1442, at *2-3 (S.D.N.Y. Jan. 29, 1986) (dismissing civil RICO and N.Y. Gen. Bus. L. § 349 claims

alleging that contest terms on packaging were materially misleading in part because "[t]he front of the . . . packages referred to a description of the game and its rules with the phrase '(SEE BACK)'" and those rules on the back removed any ambiguity in the contest terms), aff'd, 792 F.2d 136 (2d Cir. 1986) (unpublished table decision).

We have considered Derbaremdiker's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
