14-1712-cv
*Koch v. Greenberg*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand fifteen.

Present:
　　　　　ROBERT A. KATZMANN,
　　　　　　　　*Chief Judge*,
　　　　　PETER W. HALL,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges*.

_____

WILLIAM I. KOCH,

　　　　*Plaintiff-Counter-Defendant-Appellee*,

　　　　　　v.　　　　　　　　　　　　No. 14-1712-cv

ERIC GREENBERG,

　　　　*Defendant-Counter-Claimant-Appellant*,

ZACHYS WINE & LIQUOR STORE, INC., a New York corporation, ZACHYS WINE AUCTIONS INC., a New York corporation,

　　　　*Defendants*,

MR. JUSTIN CHRISTOPH, MR. JOHN KAPON,
          *Intervenors.*

_____

For Appellant:                          DAVID C. FREDERICK (Daniel G. Bird, W. Joss Nichols, *on the brief*), Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, D.C.

For Appellee:                           MOEZ M. KABA (John C. Hueston, Padraic W. Foran, C. Mitchell Hendy, *on the brief*), Hueston Hennigan LLP, Los Angeles, CA.


Appeal from the United States District Court for the Southern District of New York (Oetken, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court **AFFIRMED**.

Defendant-Counter-Claimant-Appellant appeals from a final judgment entered on May 19, 2014, by the United States District Court for the Southern District of New York (Oetken, *J.*), following a three-week jury trial. After the jury found the defendant liable for fraud and violations of New York General Business Law ("NYGBL") §§ 349–350, awarding compensatory, statutory, and punitive damages in the amounts of $355,811, $24,000, and $12,000,000 respectively, the defendant moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure or, in the alternative, for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. The district court granted in part and denied in part the defendant's motion, remitting the punitive damages award to two times the compensatory damages award and affirming the jury verdict in all other respects. *See Koch v. Greenberg*, 14 F. Supp. 3d 247, 253–54 (S.D.N.Y. 2014). On appeal, the defendant contends that: (1) the fraud verdict should be reversed; (2) the NYGBL verdict should be reversed; and (3) punitive damages

were inappropriate. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

A post-verdict renewed Rule 50(b) motion for judgment as a matter of law may be granted "[o]nly if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against [the moving party]. . . . The same standard governs appellate review of a decision . . . denying judgment as a matter of law." *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 429 (2d Cir. 1995) (internal quotation marks and citation omitted) (alteration in the original). "As to any issue on which proper [pre-verdict] Rule 50 motions were not made, [renewed post-verdict] JMOL may not properly be granted by the district court, or upheld on appeal, or ordered by the appellate court unless that action is required in order to prevent manifest injustice." *Lore v. City of Syracuse*, 670 F.3d 127, 153 (2d Cir. 2012).

The defendant contends that the evidence overwhelmingly established that the plaintiff did not justifiably rely on the defendant's representations, which is an element of fraud under both a fraudulent misrepresentation theory and a fraudulent concealment theory under New York law. *See, e.g.*, *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 784 (2d Cir. 2003) (defining fraudulent misrepresentation); *Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank*, 57 F.3d 146, 153 (2d Cir. 1995) (defining fraudulent concealment). Specifically, the defendant contends that the plaintiff's reliance was unjustified because, *inter alia*, the plaintiff relied on specifically disclaimed representations and had the ability to learn the

3

truth for himself.[1] Under New York law, "a party cannot justifiably rely on a representation that is specifically disclaimed in an agreement." *Dallas*, 352 F.3d at 785; *see also Danann Realty Corp. v. Harris*, 157 N.E.2d 597, 599 (N.Y. 1959). Although the plaintiff contends that he relied on the authenticity and provenance of the defendant's wine, the catalog in which it was listed contained a disclaimer titled "Conditions of Sale & Limited Warranty" stating that the wine was sold "'AS IS' without any representations or warranties by Zachys . . . ." J.A. 1412. However, a "specific disclaimer will not undermine another party's allegation of reasonable reliance on the misrepresentations" if "the allegedly misrepresented facts are peculiarly within the misrepresenting party's knowledge." *Warner Theatre Assocs. Ltd. P'ship v. Metro. Life Ins. Co.*, 149 F.3d 134, 136 (2d Cir. 1998). New York courts have held that whether a defendant has peculiar knowledge that defeats a specific disclaimer, thus establishing justifiable reliance, is a matter of fact for the jury.[2] *See, e.g.*, *Country World v. Imperial Frozen Foods Co.*, 186 A.D.2d 781, 782 (2d Dep't 1992) (holding with respect to peculiar knowledge that "[t]here are triable issues of fact as to whether the defendants knew that the apple juice concentrate was adulterated").

---

[1] The defendant also contends that in "consider[ing] the entire context of the transaction," which this Court has stated is necessary to "assess[] the reasonableness of a plaintiff's alleged reliance," the jury could not have found that the plaintiff justifiably relied on the defendant's representations. *Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 195 (2d Cir. 2003). The evidence, however, sufficiently demonstrates that the jury's findings were not the product of "sheer surmise and conjecture," as would be necessary to overturn the jury's verdict. *LeBlanc-Sternberg*, 67 F.3d at 429.

[2] Although the defendant contends that it is inconsistent to find that the plaintiff's reliance was justified as to the defendant but not as to Zachys, the jury could have determined that authenticity was only peculiarly within the defendant's, and not Zachys's, knowledge.

4

Here, the evidence supported a jury determination that although the wine's authenticity and provenance was specifically disclaimed, the defendant nevertheless had peculiar knowledge of the facts that were the subject of the disclaimer. First, because there existed evidence showing that inspecting all the bottles of wine would have taken more than 1,100 hours, J.A. 721, the jury could have found that the plaintiff did not have "the means available to him of knowing, by the exercise of ordinary intelligence, the truth, or the real quality of the subject of the representation," *Danann*, 157 N.E.2d at 600 (internal quotation marks omitted). Second, the jury could have determined that the defendant possessed information that no amount of inspection could reveal: for example, the provenance of the wines, which constitutes an important factor in assessing their authenticity. Thus, there is not a "complete absence of evidence" supporting the jury's determination that the plaintiff justifiably relied on the defendant's representations. *LeBlanc-Sternberg*, 67 F.3d at 429.

The defendant also contends that there was a "complete absence of evidence," *id.*, for a jury to conclude that the defendant made misrepresentations, because Zachys's intermediary role precluded the defendant's liability, and because the plaintiff failed to identify any actionable misrepresentations. However, under New York law, "a fraudulent misrepresentation made with 'notice in the circumstances of its making' that the person to whom it was made would communicate it to third parties subjects the person making the misrepresentation to liability to the third party." *Ostano Commerzanstalt v. Telewide Sys., Inc.*, 794 F.2d 763, 766 (2d Cir. 1986) (quoting Restatement (Second) of Torts § 533 (1976)); *Ultramares Corp. v. Touche*, 174 N.E. 441, 444 (N.Y. 1931). Although information "filtered through" a third party's "own process of evaluation" can at times establish that the third party possessed "too much discretion" for a

5

plaintiff to rely on a defendant's misrepresentations, *Securities Investor Protection Corporation v. BDO Seidman, LLP*, 746 N.E.2d 1042, 1047–48 (N.Y. 2001), here there was evidence that the defendant exerted influence in selecting bottles for auction, collaborated with Zachys in drafting and preparing the Catalog, and knew that his misrepresentations would be communicated to third parties. Accordingly, the jury did not act with a complete absence of evidence in rejecting the contention that Zachys exercised independent discretion and finding that Zachys was more of a "middleman." *Ostano Commerzanstalt*, 794 F.2d at 765. As for the contention that the plaintiff has not identified any actionable misrepresentations, the evidence was sufficient for the jury to find that the defendant misrepresented facts to Zachys, such as the chateaus and vintages of the wines that the defendant consigned. For example, the defendant misrepresented that a magnum he was consigning was a Chateau Lafite Rothschild with knowledge that the auction catalog would list the lot as "Chateau Lafite Rothschild 1945." J.A. 1223. This constitutes a fraudulent misrepresentation subjecting the defendant to liability to the plaintiff under *Ostano Commerzanstalt*, irrespective of the fact that Zachys authored the Catalog.[3]

The defendant additionally contends that the plaintiff failed to provide sufficient evidence for a jury to conclude that the defendant fraudulently concealed information about the wine sold because defendant did not owe the plaintiff a duty to disclose. Under New York law, a duty to disclose exists where, *inter alia*, one party "possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge," or "where [one party] has made a partial or ambiguous statement." *Brass v. Am. Film Techs., Inc.*,

---

[3] The defendant contends that the Catalog's "AS IS" disclaimer disclaims authenticity. But, the disclaimer effects whether the plaintiff acted with justifiable reliance, and not whether a fraudulent misrepresentation has been made at all.

6

987 F.2d 142, 150 (2d Cir. 1993) (internal quotation marks omitted). With respect to superior knowledge, the defendant contends that such knowledge cannot exist where the plaintiff had access to the necessary facts for determining the wine's authenticity, and that the defendant could not have known that the plaintiff was acting on the basis of mistaken knowledge because the defendant and plaintiff had no direct business dealings. However, based on the evidence at trial, the jury could have reasonably determined that the defendant possessed information that no amount of inspection could have revealed, given the defendant's knowledge of the wines' provenance. Further, there is no per se rule that fraudulent concealment requires the defendant and plaintiff to have direct business dealings. *See, e.g.*, *Minpeco, S.A. v. ContiCommodity Servs., Inc.*, 552 F. Supp. 332, 336–38 (S.D.N.Y. 1982). Because we affirm on superior knowledge grounds, we need not address the defendant's partial or ambiguous statement argument.

The defendant's contention that the plaintiff failed to provide sufficient evidence for a reasonable jury to conclude that the defendant's conduct was consumer-oriented and materially misleading, as required by NYGBL §§ 349–350, also fails. The defendant contends that his conduct was not consumer-oriented for the following reasons: the wine was a high-end collectible because it sold at immodest prices, precluding the involvement of the general public, and Zachys served as an expert intermediary. But consumer-oriented conduct within the meaning of the NYGBL is broadly interpreted and requires merely that the conduct at issue "have a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 744 (N.Y. 1995) (citations omitted). So long as the conduct at issue can "potentially affect similarly situated consumers," the requirement of consumer-oriented conduct is met. *Id*. at 745. This "statute seeks to secure an honest market

7

place where trust, and not deception, prevails." *Goshen v. Mut. Life Ins. Co.*, 774 N.E.2d 1190, 1195 (N.Y. 2002) (internal quotation marks omitted). Here, given that the defendant provided wine to be sold at auction to other consumers similarly situated to Koch, the consumer-oriented conduct requirement has been met.

The defendant also contends that he made no materially misleading statements because the wine was sold with disclaimers as to authenticity, merchantability, and provenance, and because the plaintiff had the right to investigate the wine so as to obtain relevant information as to its authenticity. But New York courts have determined that disclaimers do not defeat liability under the NYGBL. *See Koch v. Acker, Merrall & Condit Co.*, 967 N.E.2d 675, 676 (N.Y. 2012) ("[D]isclaimers set forth in defendant's catalogs do not bar claims for deceptive trade practices.") (alterations omitted). And conduct or advertising is materially misleading where it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611–12 (N.Y. 2000) (internal quotation marks omitted). Accordingly, the evidence was sufficient for the jury to determine that although an auction-goer had the right to inspect the wines sold, a reasonable auction-goer would nevertheless have been misled about the defendant's wines.

Finally, the defendant contends that his actions were not aimed at the public generally and did not reach the requisite level of moral culpability necessary for punitive damages to attach. *See Walker v. Sheldon*, 179 N.E.2d 497, 498–99 (N.Y. 1961) (holding that punitive damages are available "where the fraud, aimed at the public generally, is gross and involves high moral culpability"). However, a party that moves for judgment as a matter of law pursuant to a post-verdict Rule 50(b) motion must, in a prior pre-verdict Rule 50(a)(2) motion "at least

8

identify the specific element that the defendant contends is insufficiently supported," such that "the responding party may seek to correct any overlooked deficiencies in the proof." *Galdieri-Ambrosini v. Nat'l Reality & Dev. Corp.*, 136 F.3d 276, 286 (2d Cir. 1998). If the party fails to do so, "JMOL may [not] be granted . . . on appeal unless that result is required to prevent manifest injustice." *Id.* (internal quotation marks omitted). Here, the defendant merely stated without specificity prior to the close of the punitive damages phase of trial that "based on the evidence, no reasonable jury would have a legally sufficient basis to find for Mr. Koch on punitive damages," J.A. 961, to which the plaintiff preserved his objection. Given the evidence that the defendant intended to sell counterfeit wine, at auctions aimed at the public, no manifest injustice exists in the imposition of a punitive damages award.

We have considered all of the Defendant-Appellant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

9