Koblence v Modern Pawn Brokers, Inc. (2020 NY Slip Op 02376)





Koblence v Modern Pawn Brokers, Inc.


2020 NY Slip Op 02376


Decided on April 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020

Acosta, P.J., Richter, Manzanet-Daniels, Gische, Kapnick, JJ.


11418 653282/17

[*1]Rafael Koblence, Plaintiff-Appellant,
v
Modern Pawn Brokers, Inc., et al., Defendants-Respondents.


Kagen & Caspersen PLLC, New York (Joel M. Taylor of counsel), for appellant.
Herrick Feinstein LLP, New York (Sean E. O'Donnell of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered March 4, 2019, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the cause of action under NY UCC article 9, and otherwise affirmed, without costs.
The breach of contract claim was correctly dismissed, as plaintiff failed to plead or demonstrate his own performance under the parties' security agreement, and merely speculated as to any damages (see Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445, 445-446 [1st Dept 2016]).
The cause of action under General Business Law § 349 was correctly dismissed, as this dispute concerns a pawnbroker transaction that was unique to the parties and involved one-of-a-kind collateral, rather than conduct that could affect consumers at large or have an impact on consumer transactions involving the same type of item (see Koch v Acker, Merrall & Condit Co., 18 NY3d 940, 941 [2012]; Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995]).
The claim under NY UCC article 9 should not have been dismissed on timeliness grounds. It did not require allegations of deception (NY UCC 9-610), and was brought within three years of the subject transaction (see CPLR 214[2]). The allegations that plaintiff was not provided notice of the disposition of the collateral between defendants and that the collateral was disposed of for far less than its actual value are sufficient to state a cause of action under NY UCC article 9 (see NY UCC 9-610; 612; 627[b]; Federal Deposit Ins. Corp. v Forte, 94 AD2d 59, 66 [2d Dept 1983]).
General Business Law § 46 does not confer a private right of action, as the statute carries its own legal enforcement mechanisms (see Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 40 [1999]). Contrary to plaintiff's contention, by its terms, General Obligations Law § 5-501(6)(b) applies to loans in
excess of $2.5 million.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2020
CLERK