21-1046-cv
*Eidelman v. Sun Products Corp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand twenty-two.

Present:

> DENNIS JACOBS,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges*.

_____

SHAYA EIDELMAN, On behalf of himself and all others similarly situated,

> *Plaintiff-Appellant*,

v.                                                                 21-1046-cv

THE SUN PRODUCTS CORPORATION, COSTCO WHOLESALE CORPORATION,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | JONATHAN E. TAYLOR (Gary S. Graifman, Jay I. Brody, Kantrowitz Goldhamer & Graifman, P.C., Chestnut Ridge, N.Y., *on the brief*), Gupta Wessler PLLC, Washington, D.C. |
| For Defendants-Appellees: | BRAD W. SEILING (Joanna S. McCallum, Prana A. Topper, Joshua N. Drian, *on the brief*), Manatt, Phelps & Phillips, LLP, Los Angeles, CA |

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, REVERSED IN PART,** and **VACATED IN PART**.

Plaintiff-Appellant Shaya Eidelman appeals from a summary judgment entered by the district court on March 30, 2021, in favor of Defendants-Appellees Sun Products Corporation and Costco Wholesale Corporation (together, "Defendants") on Eidelman's claims for violations of sections 349 and 350 of New York's General Business Law and for unjust enrichment arising out of his purchase of Defendants' all Free Clear Plus detergent ("the White Bottle"). He also appeals the district court's denial of his cross-motion for partial summary judgment. We assume the reader's familiarity with the record.

"We review a district court's decision to grant summary judgment *de novo*, construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (internal quotation marks omitted). Affirmance is warranted "only if there is no genuine issue of material fact and the prevailing party was entitled to judgment as a matter of law," and summary judgment "must be rejected if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted).

## I.    Eidelman's claims under N.Y. Gen. Bus. Law §§ 349 and 350

"To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012)). "[A] plaintiff must prove 'actual' injury to recover under the statute, though not necessarily pecuniary harm." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). One method of demonstrating actual injury in the consumable goods context is by showing that the plaintiff paid a "price premium"—that is, as a result of the defendant's deception, the plaintiff paid more for a product than he otherwise would have. *See Orlander*, 802 F.3d at 302. Demonstrating a price premium is but one recognized method of establishing injury under §§ 349 and 350, however, and a plaintiff need not allege a price premium in every case under these statutes. *Id.* ("[T]here is no such rigid 'price premium' doctrine under New York law.").

One way of showing a price premium is to establish that the product at issue sells for a higher price than a comparable product because of its use of the deceptive claim. *See Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 352 (S.D.N.Y. 2020) (discussing the use of competitors products as comparators in support of price premium claims). The district court acknowledged that Arm & Hammer Plus Oxi Free & Clear ("A&H Free Clear") detergent—one of Eidelman's proposed comparators—sells at a lower price per bottle and per load of laundry, and that internal Sun communications reflect that it is a primary competitor for the White Bottle product. It nonetheless rejected Eidelman's comparison because A&H Free Clear was not sold at the Costco

store Eidelman visited on the day he purchased the detergent at issue in this litigation. The purpose of proffering a lower-priced comparator product that is not marketed in the way that a plaintiff alleges is deceptive is to provide a reference point from which to establish that a plaintiff "paid more than [he] would have for the good but for the deceptive practices of the defendant-sellers." *Id.* The presence or absence of a price premium attributable to a defendant's alleged deception is objective and does not depend on whether a plaintiff could have or would have, in fact, purchased a lower-priced, truthfully marketed alternative. To the contrary, the New York Court of Appeals has held that "reliance is *not* an element of a section 349 claim." *Stutman*, 95 N.Y.2d at 30; *see also Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 n.1 (2002) ("The standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to section 349."). The district court therefore erred by dismissing A&H Free Clear as a comparator and thus by granting Defendants' motion for summary judgment as to the injury element of Eidelman's §§ 349 and 350 claims.

Accordingly, A&H Free Clear was a competitor "free and clear" detergent that retailed at a lower price than the White Bottle, but did not contain the allegedly misleading advertising statement at issue in this case. The central question therefore is whether the higher price can be attributed, in whole or in part, to that advertising statement. On the cross motions for summary judgment, Plaintiff presented evidence of Defendant's internal communications implying that the Defendants could charge a higher price because of the allegedly misleading claim, among other factors, and reflecting that Defendants assigned considerable value to the claim that they allegedly used in a deceptive manner. Especially in light of this evidence, a reasonable jury could conclude that some of the price premium which Eidelman paid was attributable to Defendants' alleged deception and Eidelman was therefore injured within the meaning of §§ 349 and 350.[1]

The district court properly denied Eidelman's motion for summary judgment on the injury element of his claims. Defendants point to (1) testimony from Defendants' representatives that the recommended brand statement at issue in this case affected neither the price at which Sun sold the White Bottle to Costco nor the price at which Costco offered the White Bottle to consumers; and (2) evidence that comparable products (Kirkland Signature Free Clear and All Stainlifter PLUS+) were sold at higher prices than the White Bottle. Accordingly, the price premium between the White Bottle and A&H Free Clear could be associated with one or more other factors instead, such as consumer loyalty to defendants' product, a new market entrant's attempt to secure market share with a lower price, or other marketing tactics unique to the White Bottle. Defendants have therefore proffered evidence from which a reasonable jury could conclude that Eidelman was not injured by Defendants' alleged deception in the marketing of the White Bottle.[2]

---

[1] Although the district court denied Eidelman's cross-motion as to injury on the merits, it denied the remainder of his cross-motion as moot based on its grant of summary judgment to Defendants. Because we reverse the district court's decision in favor of Defendants as to injury, we vacate the district court's denial of the non-injury portions of Eidelman's cross-motion as moot.

[2] We agree with the district court that, because Eidelman first raised the rash his child developed after using the Product in a footnote in his reply brief below, he forfeited this theory of injury. On appeal, Eidelman has provided no persuasive reason for reversing the district court's conclusion.

## II. Eidelman's unjust enrichment claim

To prove an unjust enrichment claim under New York law, "[a] plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011) (alterations adopted) (internal quotation marks and citations omitted). The district court granted summary judgment in favor of Defendants on Eidelman's unjust enrichment claim for the same reason it granted summary judgment in favor of Defendants on Eidelman's statutory claims. The district court accepted Defendants' argument that because Eidelman had failed to establish the injury element of his statutory claims, he had also failed to demonstrate that Defendants were enriched at Eidelman's expense. Because we hold that Eidelman has demonstrated a genuine dispute of material fact as to whether he was injured within the meaning of his statutory claims, we also reverse the district court's grant of summary judgment in favor of Defendants as to Eidelman's unjust enrichment claim.

\*     \*     \*

For the reasons stated above, the judgment of the district court is **AFFIRMED IN PART**, **REVERSED IN PART**, and **VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4