22-1058-cv
*Tapinekis v. Pace University*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand twenty-four.

Present:

> JOSÉ A. CABRANES,
> WILLIAM J. NARDINI,
> *Circuit Judges*.[*]

---

ELIZABETH TAPINEKIS, individually and on behalf of others similarly situated,

> *Plaintiff-Appellant*,

> v.                                                                22-1058-cv

PACE UNIVERSITY,

> *Defendant-Appellee.*

---

For Plaintiff-Appellant:                BLAKE G. ABBOTT (Roy T. Willey, IV, Eric M. Poulin, *on the brief*), Poulin Willey Anastopoulo LLC, Charleston, SC; John Macleod Bradham, Morea Schwartz Bradham Friedman & Brown LLP, New York, NY

---

[*] Senior Circuit Judge Rosemary S. Pooler, originally a member of this panel, passed away on August 10, 2023. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

For Defendant-Appellee:                JONATHAN B. FELLOWS (Suzanne M. Messer, *on the brief*), Bond, Schoeneck & King, PLLC, Syracuse, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Elizabeth Tapinekis appeals from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *District Judge*), entered on April 12, 2022, dismissing her suit against Defendant-Appellee Pace University. Tapinekis filed a nine-count complaint on behalf of herself and classes of similarly situated individuals related to Pace's transition from in-person to remote instruction at the onset of the COVID-19 pandemic in March 2020. Tapinekis brought breach of contract and unjust enrichment claims premised on (1) Pace's failure to refund tuition for in-person classes when it changed to remote instruction (Counts I and II); (2) Pace's failure to refund the fees for certain on-campus services and activities that students could no longer access after March 2020 (Counts III and IV); (3) Pace's alleged requirement that students vacate on-campus housing while Pace retained students' housing fees (Counts V and VI); and (4) Pace's failure to reduce or refund meal fees when it closed most campus buildings and evicted students from campus (Counts VII and VIII). In addition, Tapinekis alleged violations of New York General Business Law §§ 349–350, arising out of Pace's alleged deceptive acts or practices and false advertising for failing to provide students either with the services they paid for or refunds when those services were not provided as promised (Count IX). We assume the parties' familiarity with the case.

2

The district court dismissed Tapinekis's claims under Federal Rules of Civil Procedure 12(c) and 12(b)(1). *See In re Columbia Tuition Refund Action*, 523 F. Supp. 3d 414, 431–32 (S.D.N.Y. 2021) (granting Pace's motion for judgment on the pleadings for all claims except Counts I and III); *Marbury v. Pace Univ.*, No. 20-cv-3210, 2021 WL 5521883, at *2 (S.D.N.Y. Nov. 24, 2021) (holding that, based on Tapinekis's revised factual allegations underlying Count I, Count I did not state a claim); *Tapinekis v. Pace Univ.*, No. 20-cv-3210, 2022 WL 1084750, at *3 (S.D.N.Y. Apr. 11, 2022) (dismissing Tapinekis's last remaining claim, Count III, for lack of subject-matter jurisdiction). "We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015). "In deciding Rule 12(c) motions, we employ the same standard applicable to Rule 12(b)(6) motions to dismiss, accepting all factual allegations in the [c]omplaint as true and drawing all reasonable inferences in the nonmoving party's favor." *Id.*[1] Tapinekis does not appeal the district court's dismissal of Count III pursuant to Federal Rule of Civil Procedure 12(b)(1).

Tapinekis first argues that, regarding her tuition claim (Count I), the implied contract between herself and the university, as established by "the university's bulletins, circulars and regulations made available to the student," *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 93 (2d Cir. 2011), created "a promise of in-person and on-campus instruction" in exchange for tuition, Appellant's Br. at 15. Even accepting Tapinekis's premise, this Court has held that "[u]niversities may limit or qualify their promises by including a *force majeure* provision in their implied contracts with students." *Goldberg v. Pace Univ.*, 88 F.4th 204, 210 (2d Cir.

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

2023). Pace included an "Emergency Closings" provision in its Academic Catalog, which served as a valid *force majeure* clause, *id.* at 211, and allowed Pace to "close" or make "adjustment[s]" to classes for "reasons beyond the University's control," *id.* at 208. *See also id.* at 210 (taking judicial notice of the Emergency Closings provision). The Emergency Closings provisions specifically provided that Pace would "not be responsible for the refund of any tuition or fees in the event of any such occurrence." *Id.* at 208. Therefore, Pace did not breach its implied contract with Tapinekis by not refunding tuition when Pace moved classes to an online format.

Next, Tapinekis argues regarding her on-campus housing claim (Count V) that, contrary to the district court's finding, students did not voluntarily leave on-campus housing but rather were forced to vacate by Pace. We disagree. Tapinekis does not dispute that in Pace's March 18, 2020, email to students asking them to vacate on-campus housing, Pace stated that "[w]henever possible, students should move out of their residence halls and return home," but provided that "[a]ny student who need[ed] to remain in the residence halls [could] do so." *In re Columbia*, 523 F. Supp. 3d at 429 (emphases omitted) (quoting Email from Pace University to Resident Students (Mar. 18, 2020), *available at* https://perma.cc/6S8H-HS58). In light of the email's plain language, and absent other allegations, Tapinekis cannot plausibly plead that Pace evicted her, and her breach of contract claim necessarily fails as a result.

Regarding the meals claim (Count VII), the district court dismissed it because it determined that it had been abandoned, as the plaintiff at the time, Xaviera Marbury, failed to respond to Pace's argument for dismissal. *Id.* On appeal, Tapinekis does not make any argument responding to the district court's finding of abandonment, and therefore has abandoned any such argument before this Court. *See United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002).

4

Turning to the analog unjust enrichment claims based on the same conduct discussed above (Counts II, IV, VI, and VIII), Tapinekis argues that the district court improperly dismissed them as duplicative of the breach of contract claims. This Court's reasoning on this question in *Goldberg* applies with equal force here. Pace does not dispute the existence of an implied contract between itself and Tapinekis; it only disputes the terms of that implied contract. Under New York law, "claims in quasi-contract such as unjust enrichment . . . are ordinarily precluded if a valid and enforceable written contract, even an implied contract, governs the relevant subject matter." *Goldberg*, 88 F.4th at 214. Because there is no "dispute over the existence, scope, or enforceability of the putative contract," Tapinekis's "quasi-contractual claims were entirely duplicative of h[er] breach of contract claims," and therefore the district court properly dismissed them. *Id.* at 215.

Lastly, Tapinekis argues that the district court erred in dismissing her claims for deceptive acts or practices and false advertising under New York General Business Law §§ 349–350. To state a claim under either section, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012). Like the district court, we find that Tapinekis's General Business Law claims fail because she has, at the least, failed to allege a materially misleading act or omission.

"A defendant's actions are materially misleading when they are likely to mislead a reasonable consumer acting reasonably under the circumstances." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 178 (2021). Tapinekis's General Business Law claims essentially reiterate her breach of contract claims related to tuition, on-campus activity fees, on-campus housing, and meals. But for largely the same reasons that those claims failed under a breach of contract theory, they also fail under the

5

framework of § 349 and § 350. Tapinekis does not allege that Pace promised that its on-campus experience would always remain undisturbed by events outside of its control, nor could a reasonable consumer believe that Pace was representing as such. *Accord id.* at 179 (finding no material misrepresentation where defendant did not represent that the laws reproduced in its legal resource manual would always remain complete and accurate, as those laws are subject to forces outside defendant's control). Furthermore, as discussed above, the Emergency Closings provision clearly stated the possibility that the University would need to close or adjust its operations for reasons beyond its control and that no refund would be issued in those circumstances. *See id.* at 179–81 (explaining that a disclaimer addressing the alleged deceptive conduct can further refute that a representation was materially misleading). Therefore, Tapinekis has failed to allege conduct that was materially misleading and her General Business Law claims were properly dismissed.

\* \* \*

For the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6